UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMILE SEXTON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2941 |
| | § | |
| DIGCO UTILITY CONSTRUCTION, LP, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

### I.     INTRODUCTION

Pending before the Court is the defendant's, Digco Utility Construction, LP ("Digco"), motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docket No. 11). The motion was filed on August 1, 2013. The plaintiffs, Emile Sexton, Ramiz Razzouq and Shannon Miftari (collectively, "the plaintiffs"), have not submitted a response. Having carefully reviewed Digco's submission, the record and the applicable law, the Court GRANTS Digco's motion.

### II.    FACTUAL BACKGROUND

Digco is a limited partnership. The plaintiffs were employed by Digco as cable technicians, installing components related to "Smart Meters" that Digco had sub-contracted with Centerpoint Energy to install on customers' gas meters in Houston. The plaintiffs were not salaried employees, but instead were compensated on a piece-rate basis where each plaintiff was paid a set amount for each unit installed. Each Digco technician was supplied with a handheld scanning device to scan the barcode on each meter on which he performed work. The scanner allowed Digco to determine how many meters were worked on by each technician for any given day.

The plaintiffs agreed to work ten hour shifts and Digco gave each employee a target number of meters to install per shift. If the technician hit that target, he could leave, even if he had not been on the clock for ten hours. The technician could also choose to continue working and install additional meters.

Arising out of their experience as Digco employees, the plaintiffs filed this suit alleging that Digco failed to pay them time-and-one-half for work performed during overtime hours, in violation of the Fair Labor Standards Act (FLSA).[1] *See* 29 U.S.C. § 201 *et seq*. The plaintiffs were non-exempt employees within the meaning of the FLSA, and thus entitled to overtime pay for work in excess of forty hours per week. None of the plaintiffs are currently employed by Digco.

### III.     CONTENTIONS OF THE PARTIES

#### A.     Plaintiffs' Contentions

In their Complaint, the plaintiffs allege that Digco failed to pay time and half for those hours worked over forty hours per work week, and they were instead paid "straight time" for all hours. They also allege that Digco failed to keep accurate and contemporaneous records of the time they worked. Finally, the plaintiffs allege that Digco acted in bad faith and its failure to pay them overtime was done willfully. All those actions, they maintain, violate the FLSA.

#### B.     Digco's Contentions

Digco argues that the plaintiffs cannot provide evidence to support the essential elements of their claims. Specifically, Digco contends that it paid the plaintiffs all overtime compensation due under the FLSA. Digco also argues that the plaintiffs have not and cannot provide evidence supporting their allegation that they performed work for which they were not properly

---

[1] The plaintiffs brought this action on their behalf and on the behalf of all similarly situated employees; however, they have not filed a Rule 23 motion for class certification.

compensated. On that same score, Digco argues that the plaintiffs have produced no evidence that it willfully violated the FLSA. Finally, Digco contends that even if it did not keep accurate timesheet records, the plaintiffs cannot recover damages under that claim because there is no private right of action to enforce the FLSA's recordkeeping provisions.[2]

## IV. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The plaintiffs in this case have not filed a response to the defendant's motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken as a representation of no opposition." S.D. Tex L.R. 7.4. Notwithstanding the plaintiffs' failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank*

---

[2] As evidenced in their Complaint, the plaintiffs did not bring a cause of action against the defendant for failure to comply with the FLSA's recordkeeping provisions. *See* Docket No. 1, Pls.' Compl., ¶ 17-19. In any event, Digco is correct that a private cause of action is not available under that provision of the statute. *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002) ("FLSA does not permit an employee to bring a private action for recordkeeping violations.").

*v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, Digco, as the movant, "has the burden of establishing that there is no genuine dispute of material fact; and, unless [it] does so, [the] court may not grant the motion, regardless whether any response is filed." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012). Nevertheless, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## V. ANALYSIS AND DISCUSSION

The FLSA requires employers to pay time and a half to non-exempt employees for all hours worked in excess of forty hours per week. *See* 29 U.S.C. §§ 207(a), 213. To prevail on their claim for unpaid overtime, the plaintiffs must prove: (1) the existence of an employment relationship; (2) that they were engaged in commerce or employed by an enterprise engaged in commerce; (3) that the defendant failed to pay them overtime; and (4) that they are owed the amount claimed by a just and reasonable inference. *See* 29 U.S.C. § 207(a); *see also Jones v. Willy, P.C.*, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing *Harvill v. Westward Commc'n, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)).

The Court agrees with Digco that the plaintiffs have not met their burden. Digco pays its cable technicians using a piece-rate system that is specifically approved of by the FLSA. *See* 29 U.S.C. § 207(g)(1)-(2). Digco has put forth uncontroverted evidence that it has a policy of paying its technicians the overtime they earn and also has a system in place to effect that policy. *See* Docket No. 11, Def.'s Mot. for Summ. J., Exs. A, B, F, G, H. Moreover, Digco has also

established that it in fact did pay the plaintiffs all overtime due them. *Id.* Because the plaintiffs have put forth no evidence creating a dispute as to whether Digco paid them overtime, the Court grants Digco summary judgment on this claim. Furthermore, because the plaintiffs have failed to establish that Digco did not pay them overtime, their claim that Digco's violation was willful also fails.

## VI. CONCLUSION

For the foregoing reasons, Digco's motion for summary judgment is GRANTED.

**IT IS SO ORDERED**.

SIGNED on this 23rd day of January, 2014.

_____
Kenneth M. Hoyt
United States District Judge